PER CURIAM.
The defendant below, Safety Harbor Spa, Inc., appeals from a final judgment in favor of the plaintiff, Frances High, in an action at law to recover a sum of money allegedly entrusted to the defendant hotel as a special deposit.
The amended complaint alleged that plaintiff-appellee had deposited in excess of $7,-000 with the defendant for which demand has been made and refused when five specified “B Depositor’s Checks” were presented to the defendant. Defendant’s answer admitted having issued these “B Depositor’s Checks” to the plaintiff; admitted that plaintiff had made demand for the money; and denied all other material allegations. Upon stipulation of counsel, the case was tried before the judge without a jury. A *249 final judgment was entered by the trial judge in favor of the plaintiff for $3,338.95 plus interest and costs.
The hotel’s procedure in dealing with the valuables of its guests deposited with it for .safe keeping was essentially that the guest would bring valuables to the cashier’s window. The cashier would hand the guest an •envelope labeled “safety deposit envelope” •on the outside of which was attached two stubs labeled “A Check” and “B Depositor’s ■Check.” Inside this envelope was a small•er envelope containing a small white card with the words “articles”, “value” and '“signature.”
The guests would place valuables in the larger envelope and sign the “A Check.” The “B Depositor’s Check” would then be •detached from the envelope by the cashier ■and given to the guest. The guest would then write the description of the goods and their value on the small white card, sign it, ■place it in the small envelope and return that to the cashier. The guest’s name and the number of the larger envelope would be written on the small envelope and placed in defendant’s file. When a guest made a withdrawal, the “B Depositor’s Check” would be signed and presented to the cashier who would then give the guest the larger envelope. The guest had the opportunity to note withdrawals on the small white card.
The proof adduced by the plaintiff was rather meager and the amounts of deposits and withdrawals shown on the card was, to say the least, not a model of efficient bookkeeping. On the other hand, the evidence of the defendant showed a very lax system of keeping up with the withdrawals made therefrom insofar as its own protection was concerned.
We have read the complete record of the testimony adduced below and find no error in the figures set out in the verdict rendered by the trial judge.
The appellant argues that Florida Statutes, § 509.111, F.S.A., which deals with the liability of innkeepers for property of their guests, requires a special deposit with the defendant; a receipt in writing to the plaintiff in exchange therefor; and a statement of the value of the deposit on the receipt, and that since the plaintiff did not strictly comply with this statute the defendant was not liable. The testimony below showed the method which the hotel had been using for several years in accepting the deposits of its guests for safekeeping. We are of the opinion that since the hotel did not require a strict compliance with the statute they cannot avoid liability on this ground.
Finding no error in the record below, the lower court is affirmed.
Affirmed.
SHANNON, C. J., and ALLEN and SMITH, JJ., concur.