Samuel **FUCHS**, Plaintiff-Appellee,

v.

**HARBOR ISLAND SPA, INC.,**
Defendant-Appellant.

**FEDERAL INSURANCE COMPANY,**
Plaintiff-Appellee,

v.

**HARBOR ISLAND SPA, INC.,**
Defendant-Appellant.

No. 28118.

United States Court of Appeals
Fifth Circuit.

Jan. 5, 1970.

Peter T. Fay, Larry S. Stewart, Frates, Fay, Floyd & Pearson, Miami, Fla., for appellant.

Harold L. Ward, Miami, Fla., for Samuel Fuchs, Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., of counsel.

Harry L. Durant, David S. Batcheller, Miami, Fla., for Federal Ins. Co., Smathers & Thompson, Miami, Fla., of counsel.

Before JOHN R. BROWN, Chief Judge, TUTTLE and MORGAN, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a judgment in a jury waived suit for recovery of the value of jewelry which was stolen from the safety deposit boxes of the defendant hotel. At issue is the question whether a guest who complies strictly with the procedures set up by the hotel itself is denied recovery because neither the hotel nor the guest made an effort to comply strictly with the provisions of Florida Statute 509.111, F.S.A.[1] The question is complicated in this case by reason of the fact that, the hotel management, without regard to the provisions of the statute offered the use of the safety deposit boxes to the guests and by the further fact that, upon registering, the guest was presented with a registration card which read:

"Money, jewels, and other valuable packages must be deposited at the office to be kept in the safe, *otherwise, the management will not be responsible for any loss.*"

---

1. "The proprietor * * * of a hotel * * * *shall in no event, be liable* or responsible for any loss of any monies, securities, jewelry or precious stones of any kind whatever * * * *unless the owner thereof shall make a special de-* *posit of said property and take a receipt in writing therefor* from the proprietor * * * which receipt shall set forth the value of said property * * *.*" [Emphasis added.]

The plaintiff below also contended that the hotel company could not rely upon the protection afforded by the statute because the required notice was not posted within view from the registration desk or anywhere else in the office, hall or lobby, despite a requirement to that effect as contained in Section 509.101 Fla.Stats., F.S.A.

There is ample evidence to support the following statement of the factual situation that brought about the judgment of the trial court.

The plaintiffs were paying guests at defendant's hotel on or about March 31, 1966. The registration card presented to each plaintiff, and used by them for registration purposes, bore a prominent notation, to wit: "Money, jewels and other valuable packages must be checked at the office to be kept in the safe, otherwise the management will not be responsible for any loss." The safe deposit boxes were built and maintained by the hotel in an alcove off the main lobby for the use of paying guests. A guest who desired the use of a safe deposit box was given a card at the registration desk by defendant's employee. The card form had space allotted only for (1) guest's name and address; (2) the dates; (3) the guest's room number; (4) signature specimens of those authorized access to the safe deposit box and the safe deposit box number. The guests, either at the registration desk or in the "safe deposit box room" would deposit items in the safe deposit box and return it to the hotel employee for safe keeping. Two keys were required to open the box. The guest kept one key, the hotel kept the other. Thereafter, when the guest desired access to the box, he entered the "safe deposit box room" which was adjacent to the registration desk, produced his key and requested the box from the attendant. Each plaintiff requested the use of a safe deposit box and each received one in the described manner.

The defendant did not give actual notice to any plaintiff of the requirements of the Florida Statute as contained in Section 509.111, footnote 1, supra, nor that its procedure for depositing valuables was different than that prescribed by the statute in order to make the defendant liable for a loss of deposited property occasioned other than by the hotel's own neglience. At no time did the defendant ever advise any plaintiff of any procedure for depositing money or jewelry other than the use of safe deposit boxes, nor was any other procedure routinely used. Upon handing the safe deposit box and its contents to the defendant for safe keeping, no receipt was offered by the defendant to the guest for his signature and the defendant did not inquire about the value of the contents. Upon handing the safe deposit box and its contents to the hotel personnel for safe keeping, no plaintiff either asked for a receipt or advised defendant of the value of the contents. Under its safe keeping procedure, defendant had no knowledge of the nature or value of property deposited or withdrawn by plaintiffs. Defendant made no attempt to ascertain the nature of the value of the property at any time.

The posted notice of the provisions of Florida Statute § 509.111, F.S.A. was a form furnished by the Florida Hotel and Restaurant Commission. The notice set out section 509.111 in abridged form. A copy was posted *inside a closet* in each guest room, and on one wall of the "safe deposit box room." This was a separate room from the lobby of the hotel.

A robbery occurred at the hotel during early morning hours of March 31, 1966, during which the safe deposit boxes broken into included those safe deposit boxes which the plaintiffs were using. The contents of the plaintiffs' safe deposit boxes were taken by the thieves and have not been recovered or returned.

There was not, as there could not be, of course, under the circumstances, much dispute as to the contents of the boxes. Judgment was entered for various amounts in favor of the several plaintiffs. The trial court entered judgments in the amounts of $65,257 and $151,261.-72 respectively in favor of the plaintiff

Fuchs and the Federal Insurance Company as subrogee of other guests from whom it had received assignments of their claims upon settling the claims with the insureds.

■ The recitation of facts, all of which were stipulated, presents such a clear case crying out for affirmance of the judgment of the trial court on the equities that we are not surprised to learn that the highest Florida court to which we can look to determine "the way [in which] the Erie winds blows," Delduca v. United States Fidelity & Guaranty Co., (5 Cir., 1966) 357 F.2d 204, 206 supports this appealing method of disposition of the case. Just as did the trial court, we place our judgment of affirmance on the case of Safety Harbour Spa, Inc. v. High, (Fla.App.1962) 137 So.2d 248, for, as all know, in this diversity action we must seek to determine the Florida law with respect to the interpretation and application of this Florida Statute. Erie RR Co. v. Tompkins (1938) 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

■ The equitable principles which are here so appealing both to the trial court and to us were equally appealing to the Florida Court of Appeals when it made it plain, Safety Harbour, Inc., *supra*, that where a hotel adopted a procedure in dealing with the valuables of its guests different from that provided for in the Florida Statute, designed to protect innkeepers from the claims if they followed the procedures set out in the statute, the innkeepers' law was not such a matter of public policy that the court should hold that it could not be waived by the innkeeper, the person for whose benefit the protection was afforded by statute.

Here, if it had been the purpose of the hotel to lull a guest into a sense of false security with respect to protecting his valuables, no better means to that end can be devised than that adopted at the registration desk. As we have pointed out above, when he registered, the guest had presented to him a registration card which had the legend,

"Money, jewels, and other valuable packages must be deposited at the office to be kept in the safe, otherwise the management will not be responsible for any loss." By clearest implication this said, if "money, jewels and other valuable packages are deposited at the office to be kept in the safe, management *will* be responsible for any loss." This is precisely what the plaintiffs here did. They requested a safe deposit box at the desk, obtained a key and deposited their valuables in the box. Neither the clerk at the desk, nor anything handed to the guests, nor any sign within view of the desk warned the guest that he had the obligation to request from the clerk a receipt on which he would indicate the value of the jewelry or other valuables and make a "special deposit", whatever that means, of the valuables in order to be able to hold the hotel responsible if the valuables were stolen or otherwise lost. To be sure, there was an abbreviated notice of the provisions of Florida statute posted in the "safe deposit box room," and inside the closet in the bedrooms there was also posted this excerpt. The trial court found it unnecessary to determine whether this was a compliance with the requirements of the statute itself, although the court did hold that this provision must be read as a part of the exculpatory provisions contained in § 509.111.

The appellant strongly urges on the court earlier decisions by this court at which time we clearly stated that there were no Florida cases upon which we could base an Erie judgment. Appellant also points to several trial court decisions in the state of Florida. We find no prior decisions in our court in which the question of waiver clearly appears. They would, therefore, not be authoritative even had not the Florida appellate court made an intervening decision. In light of the intervening decision, our duty is plain. That is, that the federal court will construe the statute as it understands it, until the state courts supply the missing judgment as we make an effort to predict what the state court will finally hold. It is plain that if the

state court's findings give the statute a different construction, the federal court will abandon its construction and follow that of the state courts. See 20 Am.Jur. 2d Courts § 214. This proposition is too plain for argument.

Now, turning to the critical Florida decision, we find that the interpretation placed on it by the appellant is totally incorrect. It takes the position that the only issue passed upon by the Florida courts was the amount of the loss. This, in spite of the fact that the court described a procedure for the handling of valuables of guests that was inconsistent with the requirements of the statute and in spite of the fact that the court concluded its opinion, brief though it was, by saying, "the testimony below showed the method which the hotel had been using for several years in accepting the deposits of its guests for safekeeping. We are of the opinion that since the hotel *did not require a strict compliance with the statute* they cannot avoid liability on this ground. [Emphasis supplied]." 137 So.2d 248, 249.

This is precisely the basis upon which the trial court found that the hotel could not prevail on its defense. The court said:

"2. Defendant may not avoid liability under § 509.111, Florida Statutes, since it instituted a procedure for depositing valuables which did not require strict compliance with the statute. Safety Harbor Spa, Inc. v. High, Fla.App.1962, 137 So.2d 248.

"The hotel registration form warns guests that valuables must be placed in hotel safe deposit boxes, "otherwise the management will not be responsible for any loss." Guests must follow the hotel's procedure to store valuables in a hotel safe deposit [300] box, and are never given actual notice that the hotel does not intend to insure safekeeping. A guest making a deposit might reasonably conclude that the hotel had assumed responsibility for safekeeping for property notwithstanding § 509.111. When both hotel and guest are charged with knowledge

of the statute, the Court will not speculate whether the hotel purposely circumvented compliance with § 509.111, or the guest knowingly forewent the protection that accompanies compliance. Here, as in Safety Harbor Spa, the hotel instituted a deposit procedure which, when followed, failed to produce a § 509.111 deposit. The hotel thereby waived its right to avoid liability on the basis of noncompliance."

With this reasoning we concur completely and find it to be entirely consistent with the Florida law.

The judgments are affirmed.