242 So.2d 776 (1970)
Rose H. GARNER, Joseph Kramer and Rose Kramer, Appellants,
v.
MARGERY LANE, INC., Doing Business As Sun Spa, Appellee.
No. 69-395.
District Court of Appeal of Florida, Fourth District.
November 13, 1970.
Rehearing Denied January 28, 1971.
James A. Dixon, Jr., of Dixon, Bradford, Williams, McKay & Kimbrall, Miami, for appellants.
Michael P. Weisberg, of West & Goldman, Miami, and Leonard Rivkind, of Rosen & Rivkind, Miami Beach, for appellee.
Larry S. Stewart, of Frates, Fay, Floyd & Pearson, Miami, for amicus curiae.
Harold L. Ward, of Fowler, White, Collins, Gillen, Humkey & Trenam, and Smathers & Thompson, Miami, for amicus curiae.
McCAIN, Judge.
In these consolidated cases plaintiffs appeal from a final summary judgment *777 limiting defendant's liability under F.S. 509.111(1)[1], F.S.A. (popularly known as the "Innkeper's Liability Law") to $1,000.00 per plaintiff. We reverse.
The controversy arose as a result of an armed robbery of the contents of safety deposit boxes containing plaintiffs' valuables which occurred at defendant's hotel while plaintiffs were guests there. Upon arriving at defendant's hotel, plaintiffs signed registration cards bearing the following legend:
"MONEY, JEWELS AND OTHER VALUABLE PACKAGES MUST BE DEPOSITED AT THE OFFICE, TO BE KEPT IN THE SAFE, OTHERWISE THE MANAGEMENT WILL NOT BE RESPONSIBLE FOR ANY LOSS."
Plaintiffs went to their rooms, but returned shortly thereafter with valuables they wished to place with the hotel for safekeeping. They were each given a safety deposit box in which they placed their valuables, and returned the boxes to the desk clerk. The hotel safe was not available for the safeguarding of such valuables. At the time plaintiffs placed their valuables in the boxes they were given a card labeled "SAFE DEPOSIT BOX RECORD" containing blanks for signatures and other vital information. No space was provided on the card for an estimate of the value of the property entrusted to the hotel, nor did the hotel make any inquiries concerning value.
Notices containing a paraphrase of F.S. 509.111, F.S.A., supplied by the Florida Hotel and Restaurant Commission were posted in various locations in the hotel, in substantial compliance with the notice provisions of F.S. 509.101, F.S.A.
Defendant hotel, relying on plaintiffs' failure to tender an estimate of value as required by F.S. 509.111, F.S.A., denied liability for the loss in excess of $1,000.00 and moved for summary judgment. The trial court accepted defendant's interpretation of the statute and granted summary judgment in favor of the hotel, stating, among other things:
"* * * The Court does not interpret the language on the registration card to constitute the hotel an insurer of the property, nor a waiver of the benefits intended by Florida Statutes 509.111, F.S.A. * * * The common law places an extraordinary responsibility upon the innkeeper. The common law rule was based upon a public policy consideration for the protection of travelers in remote rural areas where innkeepers were frequently in league with thieves and highwaymen to rob travelers and guests. Since the raison d'etre disappeared with the advent of modern times, the legislature *778 of the State of Florida, and in many other States, abrogated the common law rule, by enacting limited liability statutes applicable to innkeepers in connection with the loss of personal property by guests. The language of the statute is clear and unambiguous and it appears to the Court that it imposes a duty upon the guest to make a declaration of value and obtain a special receipt therefor, absent which the liability of the innkeeper is limited to $1,000.00 in case of loss. The statute is clear that if such declaration of value is made by the guest and a special receipt requested, the innkeeper then has a right to refuse to accept for safekeeping items the total value of which exceeds $1,000.00. This Court does not believe that the legislature intended, nor that the statute can reasonably be interpreted to require the hotel to go through a cumbersome procedure of requesting a declaration of value from the guest who has the privacy of his own safe deposit box and then upon such declaration of value being in excess of $1,000.00 thereupon notifying the guest, if it so desires, that it will not accept the items in excess of $1,000.00. * * *"[2]
It is apparent that the effect of this holding is to place the burden of compliance with the statute on the guest rather than the innkeeper, even where the innkeeper misleads the guest as to the extent of responsibility it intends to assume over valuables the guest places with it for safekeeping. This is too heavy a burden to place on the guest, especially in view of the superior position and knowledge of the hotel with regard to the mandates of the statute. We therefore reverse, holding that the theories of both waiver and estoppel raised by appellant apply to the case before us.
Plaintiffs in contending that defendant has waived its limited liability under the statute rely primarily on Safety Harbor Spa, Inc. v. High, Fla.App. 1962, 137 So.2d 248, and Fuchs v. Harbor Island Spa, Inc., supra, footnote 2. In High, decided by our sister Second District Court of Appeal, plaintiff, a guest of defendant hotel, declared a deposit of $7,000.00 in cash with the hotel. After the original declaration of value and the acceptance by the hotel, a poor method of bookkeeping was employed in connection with withdrawals of money by the guest. The court refused to relieve the hotel of liability in excess of statutory limits when the hotel sought to invoke the statutory limit of liability because no detailed record of withdrawals was kept. The theoretical basis of the decision is unclear, and the court concludes without elucidation at the end of its opinion: "We are of the opinion that since the hotel did not require a strict compliance with the statute they cannot avoid liability on this ground." Although the result is palatable it is apparent this opinion provides little help in resolving the issues before us.
The Fuchs decision is more helpful. The Court there, considering a fact situation identical in all material respects to that sub judice,[3] expressly concluded that the hotel's conduct constituted a waiver by it *779 of its rights under the Florida statute. The opinion, however, is unclear as to exactly what conduct by the hotel operated to waive its rights, but it approves and quotes the trial court's opinion as follows:
"`2. Defendant may not avoid liability under Section 509.111, Florida Statutes, since it instituted a procedure for depositing valuables which did not require strict compliance with the statute. Safety Harbor Spa, Inc. v. High, Fla.App. 1962, 137 So.2d 248.
"`The hotel registration form warns guests that valuables must be placed in hotel safe deposit boxes, "otherwise the management will not be responsible for any loss." Guests must follow the hotel's procedure to store valuables in a hotel safe deposit [300] box, and are never given actual notice that the hotel does not intend to insure safekeeping. A guest making a deposit might reasonably conclude that the hotel had assumed responsibility for safekeeping for property notwithstanding § 509.111. When both hotel and guest are charged with knowledge of the statute, the Court will not speculate whether the hotel purposely circumvented compliance with § 509.111, or the guest knowingly forewent the protection that accompanies compliance. Here, as in Safety Harbor Spa, the hotel instituted a deposit procedure which, when followed failed to produce a § 509.111 deposit. The hotel thereby waived its right to avoid liability on the basis of noncompliance.'" (Emphasis added.)
Thus, the conduct relied on by the Fuchs court to show waiver consisted primarily of the representations of responsibility made by the hotel on the registration card.
We cannot quarrel with this finding in Fuchs. Waiver is defined as the intentional relinquishment of a known right.[4] It may be inferred from conduct or acts putting one off his guard and leading him to believe that a right has been waived.[5] Under this definition, the representations made, inasmuch as they were "conduct putting one off his guard and leading him to believe that a right has been waived" could be said to constitute a waiver. This would also apply to the case sub judice, however, we find an additional instance of waiver: acceptance of the valuables by the hotel without an estimate of value. Certainly the hotel has the right under the statute to refuse to accept valuables in excess of $1,000.00, but affirmative conduct is required by the hotel to exercise this right if the guest fails of his own accord to tender an estimate of value where, as in the case before us, the hotel provides a form for the guest to fill out in the event he deposits his valuables. Unlike the trial court, we cannot see how the hotel is burdened by the addition of a single blank to its form for such an estimate of value to be declared.
Notwithstanding our conclusion that the hotel's conduct constituted a waiver of its rights under the statute, we also find that the hotel should be estopped by its conduct to raise its limited liability under the statute.
The essential elements of an equitable estoppel as established in the early case of Coogler v. Rogers, 1889, 25 Fla. 853, 7 So. 391, and followed in numerous later cases, are:
"(1) Words and admissions, or conduct, acts, and acquiescence, or all combined, causing another person to believe in the existence of a certain state of things. (2) In which the person so speaking, admitting, acting, and acquiescing did *780 so willfully, culpably, or negligently. (3) By which such other person is or may be induced to act so as to change his own previous position injuriously."
In our case, as we have pointed out above, plaintiff guests, immediately upon their arrival at defendant's hotel, were handed registration cards bearing a large legend, telling them that "* * * VALUABLE PACKAGES MUST BE DEPOSITED AT THE OFFICE * * * OTHERWISE THE MANAGEMENT WILL NOT BE RESPONSIBLE FOR ANY LOSS." Obviously, a guest could (and did, in this case) reasonably understand this to mean that the management would be responsible for a loss if the guest did make a deposit of his valuables. Therefore, it is clear that the hotel in the case at bar induced plaintiffs to change their position injuriously by its conduct. This constitutes an estoppel under the Coogler rule.
Whether the guests had or did not have actual notice of F.S. 509.111, F.S.A., is immaterial to either an estoppel or a waiver since they may reasonably have assumed, as the Fuchs case concludes, based on the management's representations of responsibility, that the hotel intended to waive the benefits of the statute in order to provide better service to its guests. Furthermore, assuming the guests were actually aware of the statutory liability limits, it is possible that had the hotel not lulled them into a sense of false security they would have taken their valuables to some safer place for protection, i.e., a bank.
The defendant, by its conduct, having both waived the benefits of the statute and estopped itself from asserting it, it was error for the trial court to limit defendant's liability to the statutory maximum. Further, since the record reveals no dispute over material facts, apart from the value of the property deposited with defendant, the final summary judgment for defendant appealed from herein is reversed and this case is remanded with instructions to enter summary judgment for plaintiffs in keeping with the views expressed herein, with trial to be held on the issue of damages alone.
Reversed and remanded.
OWEN, J., and STEWART, JAMES R., JR., Associate Judge, concur.
NOTES
[1] F.S. 509.111, F.S.A., Liability for property of guests and tenants.

(1) The proprietor or manager of a hotel, apartment house, rooming house, motor court, trailer court or boarding house in this state shall, in no event, be liable or responsible for any loss of any moneys, securities, jewelry or precious stones of any kind whatever belonging to any lodger, boarder, guest, tenant or occupant of or in said hotel, apartment, rooming house, boarding house, motor court or trailer court, unless the owner thereof shall make a special deposit of said property and take a receipt in writing therefor from the proprietor or manager or a clerk in the office of said establishment, which receipt shall set forth the value of said property; provided, however, that no proprietor or manager or clerk in the office of a hotel, apartment house, rooming house, motor court, trailer court or boarding house in this state shall be obliged to receive from any one lodger, boarder, guest, tenant or occupant of or in said hotel, apartment house, rooming house, motor court, trailer court or boarding house, a deposit of any money, securities, jewelry or precious stones of any kind whatever, exceeding a combined total value of one thousand dollars or shall he be liable in damages in a sum in excess thereof unless such proprietor, manager, or clerk accept voluntarily such chattels for safekeeping, having a combined total value in excess of one thousand dollars, then and in such event he shall be liable in damages in a sum equal to the damage sustained by such lodger, boarder, guest, tenant or occupant.
[2] The trial court's order limiting liability also relies heavily on three federal cases interpreting the Florida statute, Ely v. Charellen Corporation, 5 Cir.1941, 120 F.2d 984; Dick-Cleland v. 800 Washington Ave., 5 Cir.1944, 143 F.2d 238; and Lazare Kaplan & Sons v. Pensacola Hotel Company, D.C.N.D.Fla. 1957, 153 F. Supp. 31, all of which have now been superseded by the decision in Fuchs v. Harbor Island Spa, Inc., 5 Cir.1970, 420 F.2d 1100, which had not been handed down at the time the trial judge rendered his decision in the case at bar.
[3] The only factual distinction between the two cases is the fact that in Fuchs the hotel failed to post notices as required by F.S. 509.101, F.S.A., while in the case sub judice there was substantial compliance with this statutory requirement. However, since we conclude infra, that waiver occurred when the hotel accepted the valuables without requesting an estimate of value, and that knowledge of the statute by plaintiffs is irrelevant, this distinction becomes irrelevant.
[4] Rader v. Prather, 1930, 100 Fla. 591, 130 So. 15; Jonas v. West Palm Beach, 1918, 76 Fla. 66, 79 So. 438; Masser v. London Operating Co., 1932, 106 Fla. 474, 145 So. 79; and Fireman's Fund Insurance Company v. Vogel, Fla.App. 1967, 195 So.2d 20.
[5] Rader v. Prather, 1930, 100 Fla. 591, 130 So. 15; and Fireman's Fund Insurance Company v. Vogel, Fla.App. 1967, 195 So.2d 20.