BENJAMÍN SACK y BÁRBARA SACK, ETC., ET AL., demandantes y recurridos, v. HOTEL CARIBE HILTON y TRAVELERS INSURANCE COMPANY, demandados y recurrentes.

*Número:* R-73-229    *Resuelto:* 11 de septiembre de 1975

*Córdova-González & Toledo* y *Luis M. Angelet,* abogados de los recurrentes; *Agrait, Otero & Oliveras,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

La desaparición de valiosas joyas depositadas por los esposos Benjamín y Bárbara Sack en una caja de seguridad suministrada por el recurrente Hotel Caribe Hilton, mientras eran huéspedes en dicha hospedería, originó la reclamación en torno de la cual gira el presente recurso.

Los esposos Sack recobraron la cantidad de $121,879 de sus compañías aseguradoras y demandaron por el valor de las joyas no aseguradas al Hotel Caribe Hilton y a la aseguradora de éste Travelers Insurance Company. Las compañías que aseguraron las joyas se subrogaron en las cantidades pagadas a los esposos Sack uniendo sus reclamaciones a la de éstos. El Hotel Caribe Hilton opuso como defensa la limitación estatuida en la Ley de Hosteleros del 1955 que fija la responsabilidad del hotel en una suma que no excederá de $500.00, a menos que el huésped hubiera declarado por escrito una valoración mayor. Ley Núm. 85 de 23 de junio de 1956, 10 L.P.R.A. sec. 712.

El tribunal de instancia rehusó aplicar la limitación de responsabilidad de $500.00 fundándose en que el Hotel Caribe Hilton estaba impedido de levantar dicha defensa por haber renunciado a ella al expresar en el aviso fijado en la habitación ocupada por los esposos Sack que:

"En el Despacho del Hotel (Front Desk), en el Vestíbulo Principal, se facilitan cajas de seguridad para beneficio de aquellos huéspedes que deseen guardar dinero, joyas, adornos, valores de banco, bonos, valores negociables y piedras preciosas. El Hotel no se hace responsable de artículos de valores que se dejen en las habitaciones."

y al aceptar el depósito sin advertir a los esposos Sack de la obligación de informar el valor de las joyas. En consecuencia, dictó sentencia contra el Hotel Caribe Hilton y su aseguradora condenándole a pagar a la recurrida una cantidad de alrededor de $195,000 más intereses desde enero de 1970 hasta el pago final de esta cantidad y $2,000 por concepto de honorarios de abogado.

Expedimos el auto para revisar dicha sentencia.

El Código Civil impone a los hosteleros una responsabilidad excepcional al reputar como depósito necesario los efectos introducidos por los viajeros en las fondas y mesones, términos arcaicos que comprenden los establecimientos modernos de alojamiento mediante paga. La simple introducción de los efectos con conocimiento del hostelero crea un vínculo jurídico mediante el cual viene éste obligado a guardarlos y restituirlos en su día, respondiendo por ellos aun en el caso fortuito de robo, bien sea por personas extrañas o sus propios empleados. Arts. 1683 y 1684 Código Civil, 31 L.P.R.A. secs. 4693 y 4694; II Manresa, *Código Civil Español* 996 (6ta. Ed.). Al respecto preceptúan dichos artículos:

"Se reputa también depósito necesario el de los efectos introducidos por los viajeros en las fondas y mesones. Los fondistas o mesoneros responden de ellos como tales depositarios, con tal que se hubiese dado conocimiento a los mismos, o a sus dependientes, de los efectos introducidos en su casa, y que los viajeros por su parte observen las prevenciones que dichos posaderos o sus substitutos les hubiesen hecho sobre cuidado y vigilancia de los efectos." (Código Civil, Art. 1683.)

"La responsabilidad a que se refiere la sección anterior comprende los daños hechos en los efectos de los viajeros, tanto por los criados o dependientes de los fondistas o mesoneros, como por los extraños; pero no los que provengan de robo a mano armada, o sean ocasionados por otro suceso de fuerza mayor." (Código Civil Art. 1684.)

La doctrina fundaba este rigor impositivo en la necesidad de brindarle mayor garantía a los viajeros que, ante los riesgos del camino, no tenían más remedio que albergarse en las fondas y mesones que encontraban a su paso. Manresa, *op. cit.* 991. Enneccerus, XI-2: *Derecho de Obligaciones* 381 (2da ed.). En el derecho común anglosajón prevalece una regla idéntica a la nuestra cuyos orígenes se remontan al antiguo Derecho Romano. *Innkeepers Liability—Loss of Guest's Property*, 37 A.L.R. (3d) 1276, 1279; Navagh: *Liability of Inn Keepers*, 25

Fordham L. Rev. 62; Hirsch: *Limited Liability of Innkeepers*, 76 U. Pa. L. Rev. 272, 276, n. 19 y 20.

Los medios modernos de transportación y el desarrollo económico, sin embargo, han generado cambios fundamentales en el tráfico de viajeros habiéndose creado una importante industria turística en la que el hotel viene a sustituir a las fondas y mesones del pasado. Además, el seguro de propiedad por riesgo de pérdida y robo brinda una protección a los dueños de objetos valiosos que antes no existía, permitiéndoles distribuir los riesgos mediante el pago de una prima. Los esposos Sack se valieron de este seguro para proteger en gran parte la pérdida de sus joyas.

No obstante, se ha mantenido inalterado en el Código Civil y en el derecho común anglosajón el rigor de la norma de responsabilidad del hostelero. Ha sido necesaria legislación para atenuar dicha norma trasladando en buena parte al huésped del hotel el riesgo de las pérdidas. Este es precisamente el propósito de la Ley de Hosteleros del 1955, *supra*, la cual dispone:

"Cuando un hostelero haya provisto una caja de seguridad en la oficina del hotel que administra o cualquier otro lugar conveniente para guardar objetos de valor (según se definen en la sec. 711 de este título) que pertenezcan a los huéspedes, y haya colocado en un sitio conspicuo de la habitación o habitaciones ocupadas por dichos huéspedes, en las salas públicas, y en la oficina del hotel, un aviso indicando que hay disponible tal sitio para guardar objetos de valor, el hostelero no será responsable por la pérdida de tal propiedad, bien por robo u otra causa, a menos que dicho huésped haya depositado la misma en el sitio y en la forma indicada en dicho aviso. Sin embargo, si el huésped entregara dichos objetos al hostelero, en la forma indicada en dicho aviso, el hostelero estará obligado a atender con debido cuidado la protección de los mismos; y será responsable por cualquier pérdida o daño ocurrido por su negligencia al no ejercer el debido cuidado en la protección de tales objetos; Disponiéndose, sin embargo, que en tal caso la responsabilidad del hostelero no excederá de la suma de quinientos (500)

dólares, a menos que el huésped que le hubiere entregado los objetos haya declarado por escrito una valoración mayor al hostelero." 10 L.P.R.A. sec. 712.

Como podemos apreciar, la Ley de Hosteleros de 1955 atenúa la responsabilidad del hostelero estableciendo como condición que éste provea cajas de seguridad y dé aviso a los huéspedes indicando la disponibilidad de las mismas para guardar objetos de valor. El estatuto impone una obligación al huésped, que antes no tenía, la de revelar el valor de los objetos guardados. De otra manera, sólo podrá recobrar una suma que no excederá de $500.00. La revelación del valor de los objetos no puede tener otro propósito que permitirle al hostelero rechazar el depósito si el valor del mismo resulta excesivo o darle la oportunidad al hostelero de tomar otras providencias que considere adecuadas para cumplir su obligación como depositario. El huésped no puede imponer solapadamente una responsabilidad por una suma mayor de $500.00 al hotel, cuya función principal es proveer alojamiento mediante paga y no de prestar servicios como depositario. Esta es una simple función incidental cuya responsabilidad el huésped no puede unilateralmente extender.

El tribunal de instancia, sin embargo, impuso responsabilidad a los recurrentes por la cantidad de $195,000 aplicando doctrinas jurisprudenciales de otras jurisdicciones sin tomar en consideración las marcadas diferencias que existen en el texto de nuestra ley con los estatutos de esas jurisdicciones. Los casos *Garner* v. *Margery Lane, Inc.*, 242 So.2d 776; *Fuchs* v. *Harbor Island Spa Inc.*, 420 F.2d 1100, citados por el tribunal de instancia, no nos pueden ilustrar sobre el alcance de nuestra Ley de Hosteleros por referirse a estatutos cuyos textos difieren sustancialmente del nuestro. Ambos casos se refieren al estatuto de Florida que expresamente requiere que el hotel dé aviso a los huéspedes reproduciendo en dicho aviso el texto completo de la ley. *Innkeepers Liability Law*, 16

F.S.A. sec. 509.111. Nuestra Ley de Hosteleros sólo requiere que se dé aviso de la disponibilidad de las cajas de caudales.

Los recurridos arguyen, sin embargo, que el Hotel Caribe Hilton renunció a la limitación de responsabilidad establecida en el estatuto al no dar noticia de la misma en sus avisos a los huéspedes, que como ya hemos visto, la ley no requiere. También arguyen los recurridos que el aviso dado por el hotel es equívoco por dar la impresión de que asumía una responsabilidad completa. No es necesario entrar en ejercicios semasiológicos. Basta decir que el concepto jurídico de renuncia supone una intención específica de abandonar un derecho. No hay en el caso de autos prueba alguna de tal intención ni podemos inferirla del aviso dado por el hotel a los huéspedes.

■ Por otro lado, generalmente las leyes tienen vigencia desde que se aprueban y la ignorancia de las mismas no excusa su cumplimiento. Art. 2 del Código Civil, 31 L.P.R.A. sec. 2. El hecho de que los recurridos no conocieran los términos de la Ley de Hosteleros del 1955, *supra*, o que el Hotel Caribe Hilton no diera a los huéspedes aviso de la obligación de revelar el valor de las joyas no puede modificar el propósito manifiesto de este estatuto de atenuar el rigor de la norma de responsabilidad establecida en el Código Civil.

El argumento, además, languidece ante el récord cuando notamos que de la propia tarjeta de la caja de caudales firmada por la señora Sack aparece una clara referencia a la limitación establecida en la Ley de Hosteleros de 1955 por lo que no puede alegarse desconocimiento del estatuto. En dicha tarjeta se expresa:

"La caja de caudales representada por esta tarjeta se provee para el uso de los huéspedes *conforme se dispone en la sección 2 de la Ley de Hosteleros del 1955* del Estado Libre Asociado de Puerto Rico . . . ." (Traducción y subrayado nuestro; Exhb. 5 de ambas partes.)

Para un caso no idéntico, pero sí germano al de autos y en el cual también estaba concernida la Sec. 2 de la Ley de Hosteleros, 10 L.P.R.A. sec. 712, véase *Aetna Life and Cas. Co.* v. *Americana of P.R., Inc.* 103 D.P.R. 681 (1975).

*Se dictará sentencia modificando la recurrida a los fines de reducir la compensación adjudicada a los recurridos de $195,000.00 a $500.00.*