**Sarah ZACHARIA, Plaintiff,**

v.

**HARBOR ISLAND SPA, INC.,
Defendant.**

**No. 80 C 1514.**

United States District Court,
E. D. New York.

July 15, 1981.

Kenneth A. Reiver, Cedarhurst, N. Y., for plaintiff.

Deegan & Reardon by Alan J. Reardon, Mineola, N. Y., for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Asserting jurisdiction based on the parties' diverse citizenship and an amount in controversy over $10,000, plaintiff commenced this action against defendant hotel to recover $19,145, the value of three uninsured items of jewelry allegedly stolen with other contents of plaintiff's hotel safe deposit box on December 8, 1979. Defendant, a Florida corporation, has moved for summary judgment limiting plaintiff's recovery to $1,000, the maximum liability imposed on innkeepers by statute, § 509.111(1), Florida Statutes Annotated. The parties agree that the law of Florida governs this suit.

Plaintiff arrived at defendant's Miami Beach hotel on November 17, 1979. On arrival she signed a registration card which in capital letters immediately above the signature line, stated "Hotel's liability is limited as provided in posted 'important notice to guests'." At the same time she requested and was furnished a safe deposit box to store her jewelry. To obtain it she signed two cards. The first, captioned "Harbor Island Spa—Statement of Value", contained a declaration certifying that the value of the items she was entrusting to the hotel "does not exceed One Thousand Dollars ($1,000)", and that any additions would not cause the value to exceed that amount. The form also acknowledged that this representation of value was an inducement to the hotel to accept the items for safekeeping. The second card, entitled "Safe Deposit Box—Statement of Value", clearly stated in capital letters that the hotel was liable only for the loss of items caused by the fault or negligence of the owner, operator or an employee, but that in any event liability was limited to $1,000. In smaller type in the lower portion of this card appeared the same declaration about value contained on the first card, although blanks were left for the names of the guest, the hotel and the date.

The latter card, which contained signature lines on the back, was kept at the front desk. Guests obtained access to their safe deposit boxes by going to the front desk and signing their name on the back of the card. The clerk authenticated the new signature against the original on the front and then procured the box for the guest. Between her arrival on November 17, 1979 and December 7, 1979, plaintiff went to her safe deposit box 36 times, as reflected by her signatures. On December 8 it was discovered that someone, possibly a desk clerk named Robert Kane who disappeared that day, had broken into plaintiff's box and taken the contents.

In Florida, as in most States, the traditional common law rule was that innkeepers were almost absolutely liable for the loss of property entrusted to them, e. g., O'Brien v. Vaill, 22 Fla. 627, 1 So. 137 (1883); 40 Am.Jur.2d, Hotels, Motels and Restaurants, § 126. Florida, however, like most States, has abrogated the common law rule by statute. The law in effect at the time of the theft of plaintiff's jewels provided:

"(1) The operator of a public lodging establishment is under no obligation to accept for safekeeping any moneys, securities, jewelry or precious stones of any kind, belonging to any guest, and if such are accepted for safekeeping he shall not be liable for the loss thereof unless such loss was the proximate result of fault or negligence of the operator. However, the liability of the operator shall be limited to $1,000 for such loss, if the public lodging establishment gave a receipt for the property (stating the value) on a form which stated, in type large enough to be clearly noticeable, that the public lodging establishment was not liable for any loss exceeding $1,000 and was only liable for that amount if the loss was the proximate result of fault or negligence of the operator." § 509.111, F.S.A.

Also in effect at the time was § 509.101, which provided that an innkeeper could prescribe reasonable rules for the "government

and management" of the hotel, to become part of the contract between innkeeper and guest fixing their respective liabilities and obligations. This statute also required that a copy of such rules be posted together with a copy of § 509.111, *supra*, "in each bedroom of lodging establishments and also in the office, hall or lobby." [1]

■ Defendant, relying on § 509.111, *supra*, contends that its liability is limited to $1,000 because it complied with its provisions. Plaintiff disputes that the requirements of § 509.111 were satisfied, and asserts that the facts, which are in dispute, show that defendant waived the limitation defense or should be estopped to raise it. She argues further that the failure to show compliance with the posting provisions of § 509.101 also precludes summary judgment.

On the present record the Court has no difficulty in concluding that the "Safe Deposit Box—Statement of Value" functioned as a statutory receipt in compliance with § 509.111(1). As previously noted, the upper portion of this card stated in type that very plainly is "large enough to be clearly noticeable," that the establishment was not liable except for losses caused by the fault or negligence of the owner, operator or employee of the hotel, and that in such cases liability was limited to $1,000. It is true the card contains no blank space for the guest to declare the value of the property, but this was provided by the declaration in the lower portion, repeated from the "Harbor Island Spa—Declaration of Value", which states that the value of the property and any subsequent additions does not exceed $1,000. We cannot say, given the statute's limitation of liability to $1,000 for the specified kinds of losses, that this printed, pre-established statement of value is inconsistent with the statute's requirement that the hotel give a "receipt for the property (stating the value)." From the viewpoint of the parties, the actual value of items entrusted to the hotel is irrelevant, since liability for the negligent loss of items entrusted for safekeeping is limited in amount to $1,000. In effect, if the statute is otherwise complied with, the value of any property that is accepted for safekeeping in a Florida hotel will not exceed $1,000 whatever its true value may be.

■ Although there is not a genuine issue that plaintiff signed the cards and that the safe deposit receipt was kept for her use at the front desk, plaintiff avers that when she signed the "Harbor Island Spa—Statement of Value" card at the registration desk, the clerk answered her question about its purpose with "something to the effect of—don't worry about it, it's nothing, it's just for the Spa's records." Zacharia Affid. at 1. Pointing to the large "X" placed across this card, see Def. Exh. C, and asserting that the blanks for her name on both cards were never filled in, she contends that defendant has waived the protection of the statute or is estopped from raising it to limit her claim because she was "lulled into a false sense of security." Reiver Affd. at 3.

Waiver and estoppel were found in *Fuchs v. Harbor Island Spa, Inc.*, 420 F.2d 1100 (5th Cir. 1970); *Garner v. Margery Lane, Inc.*, 242 So.2d 776 (4th Dist.Fla.App.1970); and *Safety Harbor Spa, Inc. v. High*, 137 So.2d 248 (2d Dist.Fla.App.1962), but the

---

1. Florida Statute, § 509.101 (1979):

(1) Any operator of a public lodging establishment or a public food service establishment may establish reasonable rules and regulations for the management of the establishment and its guests and employees; and each guest or employee staying, sojourning, eating, or employed in the establishment shall conform to and abide by such rules and regulations so long as he shall remain in or at the establishment. Such rules and regulations shall be deemed to be a special contract between the operator and each guest or employee using the facilities of or at any public lodging establishment or public food service establishment. Such rules and regulations shall control the liabilities, responsibilities, and obligations of all parties. Any rules or regulations established pursuant to this section shall be printed in the English language and posted, together with a copy of ss. 509.-111, 509.151, and 509.161, in the office, hall, or lobby or another prominent place of such public lodging establishment or public food service establishment.

present action is factually far removed from those cases.

First, the principal basis for waiver in *Fuchs* and *Safety Harbor Spa, supra,* and the alternative basis in *Garner, supra,* was that the hotels did not accept the items for safekeeping in the manner contemplated by the statute. In *Garner,* the jewelry was accepted without an estimate of its value, see 242 So.2d at 779. In *Fuchs,* the innkeeper had done nothing to indicate to the guest that the inn's liability was limited, see 420 F.2d at 1101, 1102. In *Safety Harbor Spa* the procedure followed for accepting valuables, as in *Fuchs,* was not in "strict compliance" with the statute's requirements, see 137 So.2d at 249. In the present case, however, we have already determined that the procedures defendant employed, *viz.,* presentation of the "Safe Deposit Box—Statement of Value", complied with the statute's requirements. The fact that blanks for plaintiff's name were unfilled on the cards she signed is unimportant, since plaintiff's signature adequately identified the author of the declarations contained on the cards.

Second, in both *Garner* and *Fuchs, supra,* the hotel's registration card warned in capital letters that "Money, jewels and other valuable packages must be deposited at the office to be kept in the safe, otherwise the management will not be responsible for any loss." This was held to provide a basis for waiver and estoppel under Florida law, since the plaintiff guest reasonably could have believed from the context that the clause following "otherwise" constituted a representation that the hotel would accept responsibility for the full value of the items if they were brought to the office. See 420 F.2d at 1102; 242 So.2d at 779–80.

Here, the statements allegedly made by the desk clerk cannot reasonably be taken to mean that the hotel was willing to accept plaintiff's jewels at their full value, contrary to both the warning contained on the registration card that the hotel's liability was limited, and the statements contained in the second card plaintiff signed. Nor do we think that the statements made can estop defendant because plaintiff now claims they made her believe the cards were insignificant. She knew she had to sign the cards to obtain a safe deposit box. The hard fact is that when plaintiff signed those cards, the words which we have already held were sufficient under the Florida statute to limit the innkeeper's liability, were right before her. If she chose not to read what she was signing, she did so at her peril. Thus, we conclude that there is no basis to construct a waiver or an estoppel in this case.

■ Defendant's remaining contention is that because defendant has not established that a copy of § 509.111 was posted in the office, hall or lobby of its hotel in compliance with the posting provisions of § 509.-101, defendant may not invoke the protections of § 509.111(1). For the following reasons we find this argument unconvincing.

In *Ely v. Charellen Corp.,* 120 F.2d 984 (5th Cir. 1941), the court ruled that the failure of defendant to comply with the posting requirement of § 38 of Chapter 16042, Florida Acts of 1933, the forerunner of present Fla.Stat.Ann. § 509.101, did not preclude defendant from invoking the limitation of § 40 of the Act, the precursor of present § 509.111(1). At the time, § 40 provided in part that "in no event" shall the proprietor of a hotel be liable for the loss of any jewelry of any guest unless the owner deposited it with the hotel and took a written receipt which stated the jewelry's value. The *Ely* court held that this language did not permit an exception to be drawn from the posting provision, enacted at the same time. Some thirty years later in *de Saric v. Miami Caribe Investments, Inc.,* 512 F.2d 1013 (5th Cir. 1975), the Court of Appeals again rejected the contention that the limitation on liability presupposed compliance with the posting provision, noting that *Ely* was still binding law and that the Florida legislature had three times amended § 509.-111(1) without removing the language that "in no event" would the innkeeper be liable.

Since *de Saric* was decided, however, Florida's legislature amended § 509.111(1), substantially altering its language and effect. Previously, at the time of *de Saric,*

the statute provided essentially as follows: "[I]n no event" was the hotelkeeper liable for loss of a guest's valuables unless the guest had made a "special deposit" of them with the hotel and taken a receipt for them which stated their value. Furthermore, if the deposit was made, the hotel was not obligated to accept valuables worth more than $1,000, and was not liable for losses in excess of that amount unless it voluntarily accepted a deposit worth more than $1,000.[2] At the time of plaintiff's loss, the statute in essence provided that a hotelkeeper was "under no obligation to accept" valuables for safekeeping, but if valuables were accepted, the hotelkeeper was liable only for losses caused by its own negligence, and even then liability was limited to $1,000 if the statutory formalities were observed.

In the absence of legislative materials indicating otherwise, our comparison of the two enactments indicates that the Florida legislature clearly intended to minimize the burden on Florida's lodging industry arising from claims for lost or stolen valuables. That burden was probably substantial, considering Florida's acknowledged reputation as a favored vacation and convention locale, and that under the previous statute a hotel could very easily become liable for amounts far in excess of $1,000 per guest if it accepted for safekeeping valuables declared to be worth more than $1,000. Undoubtedly the hotels were confronted with the discomfiting choice of either accepting highly valuable jewelry at their own risk, or risking loss of business by refusing to accept high-ticket items for safekeeping and, in the process, tarnishing their reputations with guests who expected the hotels to accommodate them by providing safekeeping services. The legislature's solution was to limit liability to $1,000 in all cases, even if the declared value of the items was far in excess of that amount. In this fashion the statute eliminated the hotelkeeper's hard choice of accommodating his guests or reducing his losses, permitting him to accept valuables with less worry, knowing that his liability per guest would never exceed $1,000 if the statute was complied with. Thus, the thrust of the statute was to shift the burden to guests or tourists to obtain adequate insurance coverage or bear the risk of loss in excess of $1,000, or leave the valuables at home. These were options fairly left to the choice of the guest.

Although the post *de Saric* amendment eliminated the "in no event" language which the *Ely* and *de Saric* courts construed to signify that posting was not required before liability was limited, the sole fact of its absence from the statute at bar does not require a different outcome. First, plaintiff's position ignores that the statutes are separate enactments and contain no language requiring an interpretation in tandem. Although § 509.101 does require posting of a copy of § 509.111 in designated places, the former section does not indicate expressly or impliedly that posting is a prerequisite to the limitation on liability pro-

**2.** Florida Statute, § 509.111(1) (1972):

"The proprietor or manager of a hotel, apartment house, rooming house, motor court, trailer court or boarding house in this state shall, in no event, be liable or responsible for any loss of any moneys, securities, jewelry or precious stones of any kind whatever belonging to any lodger, boarder, guest, tenant or occupant of or in said hotel, apartment, rooming house, boarding house, motor court or trailer court, unless the owner thereof shall make a special deposit of said property and take a receipt in writing therefor from the proprietor or manager or a clerk in the office of said establishment, which receipt shall set forth the value of said property; provided, however, that no proprietor or manager or clerk in the office of a hotel, apartment house, rooming house, motor court, trailer court or boarding house in this state shall be obliged to receive from any one lodger, boarder, guest, tenant or occupant of or in said hotel, apartment house, rooming house, motor court, trailer court or boarding house, a deposit of any money, securities, jewelry, or precious stones of any kind whatever, exceeding a combined total value of one thousand dollars or [sic] shall he be liable in damages in a sum in excess thereof unless such proprietor, manager, clerk accept voluntarily such chattels for safekeeping, having a combined total value in excess of one thousand dollars, then and in such event he shall be liable in damages in a sum equal to the damage sustained by such lodger, boarder, guest, tenant or occupant."
Reprinted in *de Saric v. Miami Caribe Investments, Inc.*, 512 F.2d 1013, 1014 n.1 (5th Cir. 1975).

vided by § 509.111. Second, one purpose of requiring such posting, namely notice, is independently and adequately achieved by compliance with the requirement of § 509.-111.

Particularly in view of the Florida legislature's evident concern for the protection of its lodging industry, it is difficult to accept an interpretation that makes a statutory benefit depend upon a form of notice that plaintiff herself would argue is poorly calculated to ensure that guests receive it. The posting requirement is simply the way in which a guest can be certain that a hotelkeeper is acting in accordance with the legislature's declaration of the obligations and liabilities of the respective parties. That certainty was clearly accomplished by the form of receipt plaintiff signed, which constituted personal notice to her.

For these reasons we conclude that even if there was such an issue of fact, that fact is not material in the present dispute. Because we hold further that $1,000 is all plaintiff can recover under Florida law, the action must be dismissed for want of jurisdiction since the amount in controversy is actually less than $10,000.

Accordingly, the action is dismissed.

SO ORDERED.