**Sarah ZACHARIA, Plaintiff-Appellant,**

v.

**HARBOR ISLAND SPA, INC.,
Defendant-Appellee.**

**No. 611, Docket 81–7558.**

United States Court of Appeals,
Second Circuit.

Submitted Feb. 19, 1982.

Decided June 25, 1982.

---

Kenneth A. Reiver, Cedarhurst, N. Y., for plaintiff-appellant.

Alan J. Reardon, Mineola, N. Y. (Deegan & Reardon, Mineola, N. Y., of counsel), for defendant-appellee.

Before NEWMAN, CARDAMONE and WINTER, Circuit Judges.

RALPH K. WINTER, Circuit Judge:

This appeal of a diversity case raises issues as to the meaning of a Florida statute limiting the liability of hotels for losses of valuables entrusted to them by guests. Plaintiff's action for damages resulting from the loss of jewelry was dismissed by Judge Neaher for lack of jurisdiction. That opinion is reported at 519 F.Supp. 456 (E.D. N.Y.1981).

We reverse.

## BACKGROUND

Florida provides hotels with a statutory method of limiting their liability for the loss of valuables which they accept for safekeeping from guests. The pertinent statutory language reads:

> liability ... shall be limited to $1,000 for such loss, if the [hotel] gave a receipt for the property (stating the value) on a form which stated, in type large enough to be clearly noticeable, that the [hotel] was not liable for any loss exceeding $1,000 and was only liable for that amount if the loss was the proximate result of fault or negligence of the operator.

Fla.Stat. § 509.111(1) (1979).

On November 17, 1979, the plaintiff, Mrs. Sarah Zacharia, checked into defendant's

Harbor Island Spa Hotel in Miami Beach. She signed a registration card which stated "HOTEL'S LIABILITY IS LIMITED AS PROVIDED IN POSTED 'IMPORTANT NOTICE TO GUESTS'." Soon thereafter, she sought the use of a Hotel safe deposit box to store her valuables. At the Hotel's request, she signed two cards. The first, Card (1), was entitled "Harbor Island Spa, Inc.—Statement of Value." The second, Card (2), was entitled "Safe Deposit Box—Statement of Value." These are set out in the margin.[1] Both cards state that the Hotel's liability is limited to $1,000 for loss of valuables deposited in a safe deposit box. Each contains language certifying that the aggregate value of items on deposit will at no time exceed $1,000. The limitation provisions of Card (1), however, were crossed out and Zacharia was not asked to fill in the

blanks on Card (2) for her name, the Hotel's name and the date of deposit. The parties dispute what she was told by Hotel employees, Zacharia claiming the desk clerk told her not to worry about the cards which were merely for the Hotel's record, the Hotel denying such statements were made.

On some 36 occasions Zacharia sought access to the safe deposit box and signed the reverse side of Card (2) in order to verify her identity. Neither on the first nor on any later occasion was she given any document evidencing either a deposit of valuables or the potential limitation on the Hotel's liability.

On December 7 or 8, 1979, many safe deposit boxes, including Zacharia's, were emptied by a thief, apparently a desk clerk who vanished at the same time as the contents of the boxes. Zacharia's claim of loss

---

1. The card entitled "Harbor Island Spa, Inc.—Statement of Value" reads as follows:

HARBOR ISLAND SPA, INC. STATEMENT OF VALUE ——————

I, (WE), ——————— and ———————, do hereby certify that the value of the contents which I (WE) have placed on deposit with the HARBOR ISLAND SPA HOTEL, INC., 7900 HARBOR ISLAND, MIAMI BEACH, FLORIDA, on ————, does not exceed One Thousand ($1,000.00) Dollars, and that any additions to this deposit will not cause the value of said contents to exceed One Thousand ($1,000.00) Dollars. I, (WE) am (are) aware that said hotel is not obliged to receive such contents and this statement is made as an inducement to said hotel to receive contents pursuant to Section 509.111, Florida Statutes. I, (WE) do hereby waive any claim against said hotel, its agents, servants and employees, in excess of One Thousand ($1,000.00) Dollars, in the event all or a portion of said contents are lost, stolen or destroyed while in custody of said hotel.

————————————
Guest

Date:

————————————
Guest

The card entitled "Safe Deposit Box—Statement of Value" reads as follows:

SAFE DEPOSIT BOX—STATEMENT OF VALUE Date ——— UNDER FLORIDA LAW THIS ESTABLISHMENT IS NOT OBLIGATED TO ACCEPT ANY MONIES, SECURITIES, JEWELRY OR PRECIOUS STONES FOR SAFEKEEPING. IN THE EVENT MONIES, SECURITIES, JEWELRY OR PRECIOUS STONES ARE DEPOSITED, THIS ESTABLISHMENT IS ONLY LIABLE FOR LOSS OF THOSE ITEMS CAUSED BY THE FAULT OR NEGLIGENCE OF THE OWNER OR OPERATOR OR AN EMPLOYEE OF THIS ESTABLISHMENT. FURTHERMORE, BY ACCEPTING FOR DEPOSIT MONIES, SECURITIES, JEWELRY OR PRECIOUS STONES, THE LIABILITY OF THIS ESTABLISHMENT IS LIMITED TO ONE THOUSAND ($1,000.00) DOLLARS.

I, (We) NAME ————————————————
        Last      First      Initial

NAME ————————————————
        Last      First      Initial

I hereby certify acknowledge that I have read and I understand the above notice. Fully understanding that notice, I, ——————— do hereby certify that the value of the contents which I have placed on deposit with the ——————— Hotel on ——— does not exceed One Thousand ($1,000.00) Dollars and that any additions to this deposit will not cause the value of said contents to exceed One Thousand ($1,000.00) Dollars.

I am aware that said hotel is not obligated to receive such contents and this statement is made as an inducement to said hotel to receive said contents pursuant to Section 509.111 Florida Statutes.

I do hereby waive any claim against said hotel, its agents, servants and employees, in excess of One Thousand ($1,000.00) Dollars, in the event all or a portion of said contents are lost, stolen or destroyed while in custody of said hotel.

————————————————/————
Authorized Signatures

A CHARGE OF $30 WILL BE MADE FOR A LOST KEY

is in excess of $10,000. The Hotel, on the other hand, is prepared to present evidence that her original claim escalated sharply after a phone call to New York from the Hotel lobby.

Alleging diversity of citizenship and an amount in controversy exceeding $10,000, Zacharia brought an action in the Eastern District of New York. The District Court granted the Hotel's motion for summary judgment, holding that on the undisputed facts the Hotel satisfied the requirements of § 509.111(1) and that its liability to Zacharia was limited to $1,000. It then dismissed the action *sua sponte* for want of subject matter jurisdiction under Fed.R. Civ.P. 12(b)(6) since the amount in controversy is less than $10,000. 28 U.S.C. § 1332 (1980).

We reverse.

## DISCUSSION

█ Although diversity jurisdiction depends upon the amount in controversy exceeding $10,000, jurisdiction is not lost because a plaintiff's ultimate recovery is less than that amount. The jurisdictional determination is to be made on the basis of the plaintiff's allegations, not on a decision on the merits. Moreover, even where those allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted. *Deutsch v. Hewes Street Realty Corp.*, 359 F.2d 96 (2d Cir. 1966). Rather, it must appear to a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke federal jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Moore v. Betit*, 511 F.2d 1004 (2d Cir. 1975). We have allowed, however, resort to materials developed in discovery to be used to amplify the meaning of the complaint allegations. *Givens v. W. T. Grant Company*, 457 F.2d 612 (2d Cir. 1972). In *Givens*, depositions of the plaintiffs disclosed that the claimed jurisdictional amount was an aggregate of individual claims, each of which was less than the requisite sum. *Id.* at 613, n.3. We have not, however, held that defenses asserted on the merits may be considered and adjudicated on jurisdictional motions.

Were the law otherwise, the orderly progress of litigation would be disrupted, and doubt and ambiguity would surround the jurisdictional base of most diversity litigation from complaint to final judgment. Issues going to a federal court's power to decide would be hopelessly confused with the merits themselves. Constitutional questions as to the right to have a jury determine factual issues would lurk in every jurisdictional motion. For these reasons, motions to dismiss for lack of a sufficient amount in controversy must be directed solely to the plaintiff's allegations.[2]

█ The District Court did more in this case than assess the allegations of Zacharia's complaint. Upon a motion for summary judgment that defendant's liability be limited to $1,000, it held there was a valid defense to any claim exceeding $1,000 and dismissed the complaint *sua sponte* for lack of jurisdiction. Even if the Court's interpretation of Florida law were correct, dismissal contravenes the rule that the existence of a valid defense does not deprive a federal court of jurisdiction. *Smithers v. Smith*, 204 U.S. 632, 642, 27 S.Ct. 297, 299, 51 L.Ed. 656 (1907); *Fireman's Fund Ins. Co. v. Railway Express Co.*, 253 F.2d 780 (6th Cir. 1958); *Kissick Construction Co. v. First National Bank of Wahoo*, 46 F.Supp. 869 (D.Neb.1942); 14 C. Wright and A. Miller, Federal Practice and Procedure, § 3702 at 382–83 (1976). We hold, therefore, that even if defendant's liability were limited to $1,000, plaintiff would nevertheless have a live claim for that amount cognizable in the District Court.

---

**2.** Such a motion may also be based on a claim that the amount in controversy was alleged in bad faith solely to invoke federal jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, *supra*; *Deutsch v. Hewes Street Realty Corp.*, *supra*. While defendant vigorously disputes Zacharia's allegations as to the value of the deposited jewelry, no claim is made that they were inflated solely to create diversity jurisdiction.

The expeditious progress of this litigation will not be furthered by our reversing on these grounds and declining to review the District Court's ruling as to the defendant's liability under Fla.Stat. § 509.111(1) (1979). A remand in these circumstances would merely set the stage for another appeal of the very issue argued here as to the Hotel's compliance with the Florida statute. Therefore, we decide that issue also.

■ Section 509.111(1) provides that a hotel's liability may be limited only if the hotel "gave a receipt for the property (stating the value)." Plaintiff was given no document of any kind in connection with use of the safe deposit box. All of the documentation was retained by the Hotel in accord with its established practices. Moreover, on Card (1), "Harbor Spa, Inc.—Statement of Value," the critical portion relating to limitation of liability was crossed out. Finally, the blanks within the text of Card (2) "Safe Deposit Box—Statement of Value," relating to plaintiff's name, the name of the Hotel, and date of deposit, were not filled in.

We can only speculate as to the result a Florida court would reach on these facts. Relevant Florida decisions, however, emphasize that the burden of compliance is on the hotel rather than on the guest, since the hotel has "superior position and knowledge ... with regard to the mandates of the statute," *Garner v. Margery Lane, Inc.*, 242 So.2d 776, 778 (Fla.4th Dist.Ct.App.1970), and that compliance by the hotel must be "strict." *Id.* at 779 (quoting *Fuchs v. Harbor Island Spa*, 420 F.2d 1100, 1103 (5th Cir. 1970)). In a case decided under an earlier but pertinent version of the statute, *Safety Harbor Spa, Inc. v. High*, 137 So.2d 248 (Fla.2d Dist.Ct.App.1962), limitation of liability was denied where the hotel failed to keep track of continuing deposits and withdrawals by a guest. The Court noted that such a step was for the hotel's own protection and held it liable for an amount in excess of $1,000 because it was not in "strict compliance." *Id.* at 249. The most recent Florida case, *Great American Insurance Co. v. Coppedge*, 405 So.2d 732 (Fla. 4th Dist.Ct.

App.1981) indicates in *dicta* that documentation must be given to the guest if liability is to be limited under the present statute. *Id.* at 735.

We hold that the Hotel's casual attitude toward even the plainest requirement of the statute deprives it of the benefit of the limitation of liability. There is no ambiguity as to the statute's requiring that a document constituting a statutory receipt must be *given* to the guest depositing valuables. This receipt requirement is obviously designed to emphasize to the guest the statutory limitation since access to the valuables on each occasion is only by production of this document to Hotel officials. No document was given to Zacharia then or on any of the numerous occasions on which she entered the box. Although additional valuables might have been deposited at any time, the Hotel made no attempt to give direct notice to Zacharia of its purported limited liability except on the first deposit. While the Hotel asked plaintiff to sign two forms indicating future deposits would leave the aggregate value under $1,000, these forms were never completed, and on Card (1), the critical language was crossed out. Whether the desk clerk actually said not to worry about the cards since they were only for Hotel records is less significant than the conduct of the Hotel in keeping the cards, for that conduct expressed exactly the same idea.

The non-compliance here was more than technical, yet defendant has not cited a single Florida case in support of its position. Florida decisions dealing with related issues directly hold that hotels seeking the shelter of the statute bear a "burden" of "strict compliance," *Garner, supra*, and imply that compliance must be in connection with every use, *High, supra*. While no absolutely dispositive Florida decision has been rendered, existing case law clearly weighs in plaintiff's favor.

We hold, therefore, that the statutory limitation of liability is inapplicable. Defendant may use documents signed by Zacharia at trial to attack her assertions as to the value of the items deposited.

Reversed and remanded.