**COMPUTEROSE, INC., Appellant,**

v.

**Larry W. MINOR, Appellee.**

**No. 2–85–004–CV.**

Court of Appeals of Texas, Fort Worth.

July 3, 1985.

McDonald, Sanders, Ginsburg, Maddox, Newkirk & Day and William L. Latham and A. Gary Thompson, Fort Worth, for appellant.

Glast, Ungerman, Vickers, Miller & Allen and Richard M. Hunt, Dallas, for appellee.

Before BURDOCK, HILL and HOPKINS, JJ.

## OPINION

HILL, Justice.

Computerose, Inc. appeals from a summary judgment granted to a former employee, Larry Minor, in his suit brought for breach of his employment contract. Computerose urges in two points of error that the trial court erred in granting the summary judgment.

We affirm, because we find that the trial court was correct in granting the summary judgment.

In a summary judgment case, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises a fact issue with refer-

ence to the essential elements of a cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.1970). *See also* TEX.R.CIV.P. 166–A. The burden of proof is on the movant and all doubts as to the existence of a genuine issue of material fact are resolved against him. All conflicts in the evidence are disregarded and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Farley v. Prudential Insurance Co.,* 480 S.W.2d 176, 178 (Tex.1972); *Goodwin v. Texas General Indemnity Company,* 657 S.W.2d 156, 159–60 (Tex.App.— Houston [1st Dist.] 1983, writ ref'd n.r.e.).

■ The provisions of TEX.R.CIV.P. 166–A are applicable both to plaintiffs and defendants who move for summary judgment. The judgment sought should be granted, and if granted should be affirmed, only if the summary judgment record establishes the movant's right thereto as a matter of law. *Gibbs,* 450 S.W.2d at 828. The movant establishes his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

Computerose and Minor entered into an employment contract on August 1, 1983. Among other provisions, the contract included the following:

5. Larry W. Minor's term hereunder shall commence as of the date hereof and continue indefinitely until terminated by either party upon documented notice to the other party two weeks' prior. Such notice shall be effective when received

. . .

6. If terminated by the Company any time after March 15, 1984, Mr. Minor will be entitled to payment of one year's salary to be paid over the twelve months following termination.

\* \* \* \* \* \*

12. It is mutually understood and agreed that all agreements and covenants contained herein are severable and that, in the event any of them, with the exception of those contained in paragraphs 1 and 3 hereof, shall be held to be invalid or unenforceable to any extent or in any application by any court of competent jurisdiction, then the remainder of this Agreement, and such agreement or covenant except to such extent or in such application, shall not be affected thereby, and each and every agreement and covenant of this Agreement shall be valid and enforced to the fullest extent and in the broadest application permitted by law.

The facts are undisputed. On March 15, 1984, Computerose delivered to Minor the following written notice:

**Computerose**

**Sam S. Barklis**
**Chairman and Chief Executive**

**March 15, 1984**

Mr. Larry W. Minor
1110 El Camino Real, #236
Euless, Texas 76039

Dear Larry:

This letter terminates your services on March 15, 1984 as Director, Software Development of Computerose. You will be paid two weeks' termination salary.

Sincerely,

*Sam S. Barkley*

When Computerose refused to pay Minor one year's salary as provided by paragraph 6, Minor brought this suit. The trial court granted Minor summary judgment for one year's salary.

In point of error number one, Computerose maintains that the trial court erred in granting summary judgment since Minor failed to show the absence of any genuine issue as to a material fact. The company asserts that the contract is ambiguous as to whether there could be a termination in the absence of two weeks' notice. The issue, then, is whether one can clearly determine from the contract whether Minor was terminated by the company on March 15, 1984 as Computerose attempted to do, or whether the absence of two-weeks notice caused the termination not to be effective on that date.

 Paragraph 5 of the contract provides that Minor is employed indefinitely until terminated. It provides that termination is effectuated by documented notice two weeks prior to the termination. Since there had been no such notice as of March 15, 1984, it follows that there was no termination as of that date. We find that the contract is specific, not ambiguous, as to the requirement of a notice two weeks prior to termination in order to effectuate a termination under the contract. We overrule point of error number one.

 In point of error number two, Computerose urges that the trial court erred in granting summary judgment since Minor failed to prove he was entitled to judgment as a matter of law. Computerose's argument appears to be that the company effectively terminated Minor on March 15, 1984, and that any breach of the contract was limited to their failure to give Minor two weeks' notice. They take the position that Minor was required, in order to recover one year's salary on summary judgment, to show that he suffered more loss than two weeks' salary. Since we have held that Minor was not terminated until after March 15, 1984, the breach which Minor complains of is not Computerose's failure to give the two week notice required in order to terminate, but their failure to meet the obligation to pay him one year's salary as provided by the contract in the event of the company terminating him after March 15, 1984. We find that the summary judgment proof established this breach as a matter of law. The damages for the breach are those provided by paragraph 6 of the contract, one year's salary. We overrule point of error number two.

The judgment is affirmed.