

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-1995

# Valhal Corp v Sullivan Assoc

Precedential or Non-Precedential:

Docket 91-3650

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

## Recommended Citation

"Valhal Corp v Sullivan Assoc" (1995). *1995 Decisions.* Paper 2.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/2

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO. 94-1221
NO. 94-1241


VALHAL CORPORATION,

Appellee/
Cross-Appellant,

v.

SULLIVAN ASSOCIATES, INC.,
ARCHITECTS, PLANNERS, ENGINEERS,

Appellant/
Cross-Appellee.


SUR PETITION FOR REHEARING

BEFORE:   SLOVITER, Chief Judge, STAPLETON,
          MANSMANN, GREENBERG, HUTCHINSON, SCIRICA,
          COWEN, NYGAARD, ALITO, ROTH, LEWIS, McKEE and
          SAROKIN, Circuit Judges


        The petition for rehearing filed by appellee/cross-appellant in the above-entitled case having been submitted to the judges who participated in the decision of this Court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit

in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied. Judge Hutchinson would grant in banc rehearing for the reasons set forth in his attached Statement Sur Denial. Judge Greenberg joins in Judge Hutchinson's Statement Sur Denial.

By the Court


/s/Theodore A. McKee
Circuit Judge


Dated: March 20, 1995

STATEMENT SUR DENIAL OF REHEARING IN BANC
Nos. 94-1221 & 94-1241

HUTCHINSON, Circuit Judge


Neither the Supreme Court of Pennsylvania nor its Superior Court has yet decided whether clauses in contracts for professional services limiting the damages a contracting party can recover for negligent performance are enforceable. The Court concludes they are valid under applicable state law. The district court concluded they are not, and I believe their validity can be fairly characterized as doubtful. Nevertheless, because Sullivan's contract with Valhal for professional services has a clause that attempts to limit Sullivan's liability to $50,000, this Court reverses a $1,000,000 judgment for appellee Valhal and then holds that the case must be dismissed for lack of subject matter jurisdiction. I believe this confuses the jurisdictional issue concerning the amount in controversy with the merits, deprives both parties of the binding judgment to which they are entitled and ignores our obligation to exercise subject matter jurisdiction when it is present. Moreover, it has real practical significance to the parties as a non-merits dismissal for lack of jurisdiction does not foreclose Valhal from commencing a new action in a state trial court seeking the same relief it did in the district court. See, e.g., Local 1498, Fed'n of Gov't Employees v. American Fed'n of Gov't Employees, AFL-CIO, 522 F.2d 486, 492 (3d Cir. 1975); Fratto v. New Amsterdam Casualty Co., 252 A.2d 606, 607 (Pa. 1969).

Accordingly, I respectfully disagree with the Court's mandate directing dismissal of this case for lack of subject matter jurisdiction.[1]

In Saint Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938), the United States Supreme Court held that the amount a diversity plaintiff claims controls determination of the jurisdictional amount unless it appears to a "legal certainty" that (1) the claim was really for less than the jurisdictional amount, (2) the plaintiff could not recover more than the jurisdictional amount, or (3) the amount claimed is merely colorable. I recognize the Supreme Court 's statements in Red Cab that Congress has restricted diversity jurisdiction and that courts must rigorously enforce this intent. Id. at 288. However, the Supreme Court in Red Cab went on to state:

> The rule governing dismissal for want of jurisdiction in cases brought in federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of

---

[1]I realize that many jurists feel federal diversity jurisdiction is an outmoded burden on federal district courts facing burgeoning increases in cases involving federal question jurisdiction as Congress responds to problems it sees as national in scope. See Dolores K. Sloviter, A Federal Judge Views Diversity Jurisdiction Through the Lens of Federalism, 78 Va. L. Rev. 1671 (1992). Efforts to secure legislation limiting or sharply curtailing diversity jurisdiction, however, have not borne much fruit. Therefore, we are still charged with deciding cases brought by citizens of diverse states when the amount in controversy is more than $50,000, and our jurisdiction is not affected by a merits disposition awarding the diversity plaintiff less than that amount.

> plaintiff to recover an amount adequate to
> give the court jurisdiction does not show his
> bad faith or oust jurisdiction. Nor does the
> fact that the complaint discloses the
> existence of a valid defense to the claim.
> But if, from the face of the pleadings, it is
> apparent, to a legal certainty, that the
> plaintiff cannot recover the amount claimed
> or if, from the proofs, the court is
> satisfied to a like certainty that the
> plaintiff never was entitled to recover that
> amount, and that his claim was therefore
> colorable for the purpose of conferring
> jurisdiction, the suit will be dismissed.
> Events occurring subsequent to the
> institution of suit which reduce the amount
> recoverable below the statutory limit do not
> oust jurisdiction.

Id. at 288-89 (footnotes omitted). Although old, Red Cab remains the seminal case on this issue.

This Court concludes today that Valhal's $2,000,000 claim, on which it secured a jury verdict of $1,000,000 after the district court refused Sullivan's motion to dismiss for lack of subject matter jurisdiction, is a case in which it appears to a "legal certainty" that the amount in dispute failed to reach the jurisdictional minimum. I believe this holding confuses the jurisdictional question of legal certainty with the standard for judgment on the merits as a matter of law. I also believe it ignores Red Cab's instruction that a diversity claim should not be dismissed for lack of subject matter jurisdiction unless the allegation in the complaint that it is for more than the jurisdictional amount is made in bad faith. Id. On this record, I do not think it can be inferred that Valhal's $2,000,000 claim was made in a bad faith attempt to meet the jurisdictional amount

of more than $50,000 that 28 U.S.C.A. § 1332 (West 1993) requires in a diversity case.

The length and complexity of the analysis the Court uses to resolve the controlling issue of state law, not heretofore authoritatively decided, seems to me to belie any conclusion that Valhal's allegation that the amount in controversy is more than $50,000 could be seen from the outset to be false to a "legal certainty" and so was made in bad faith or was merely colorable. It seems to me that these determinations should be made ex ante, not post hoc.

In addition, it is clear from Part II of the opinion that the Court, in directing dismissal of the case for lack of subject matter jurisdiction, has incorrectly applied the standard of review applicable to a Rule 56 grant of summary judgment instead of the standard applicable to a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Reasonable jurists might indeed conclude that Valhal's claim should not survive summary judgment, an issue on which I am dubitante; but I think this record demonstrates that Red Cab's standard governing dismissal for lack of subject matter jurisdiction is not met.

Moreover, none of this Court's own cases concerning dismissal of a diversity case for failure to meet the jurisdictional amount seem to support dismissal here. I believe, rather, that Nelson v. Keefer, 451 F.2d 289 (3d Cir. 1971), supports the district court's exercise of subject matter jurisdiction over Valhal's $2,000,000 claim. In Nelson, we stated: "'[W]here the jurisdictional issue cannot be stated

without the ruling constituting at the same time a ruling on the merits, [the necessary choice] is to permit the cause to proceed to trial.'"  Id. at 292 (quoting Wade v. Rogala, 270 F.2d 280, 285 (3d Cir. 1959)).  We went on to explain that our objective in deciding questions of jurisdictional amount is to locate only "those 'flagrant' cases where it can be determined in advance 'with legal certainty' that the congressional mandate . . . was not satisfied."  Id. (emphasis added).  Here, the opinion of the Court demonstrates the necessity of resolving the dispute on the merits before the jurisdiction question could be decided.  Accordingly, I think the mandate of the Court should be to vacate and remand the $1,000,000 judgment for Valhal with instructions to enter judgment for $50,000 instead of dismissing for lack of jurisdiction.[2]

In Lunderstadt v. Colafella, 885 F.2d 66 (3d Cir. 1989), we considered whether federal question claims were substantial enough to justify the district court in exercising federal question jurisdiction.  Finding that they were not "wholly insubstantial and frivolous," we held that the district court had jurisdiction.  Id. at 70 (citing Bell v. Hood, 327 U.S. 678, 682-83 (1946).  We pointed out that "[t]he threshold to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion."

---

[2]I do not find it necessary on this petition for rehearing to decide the merits issue.  Accordingly, I take no position at this point on the merits of the state law question, as to which I am, as stated, dubitante.

Id. Similarly, in Batoff v. State Farm Insurance Co., 977 F.2d 848 (3d Cir. 1992), after concluding that the claim of a non-diverse defendant was not wholly insubstantial or frivolous, we remanded a removed case to the state court, recognizing that the remand could result in an order granting the defendant's motion to dismiss.

Our decision in Packard v. Provident Nat'l Bank, 994 F.2d 1039 (3d Cir.), cert. denied sub nom. Upp v. Mellon Bank, N.A., 114 S. Ct. 440 (1993), holding that the district court lacked subject matter jurisdiction because "it [wa]s evident to a legal certainty that the requisite amount in controversy for diversity jurisdiction was never recoverable," is distinguishable. Id. at 1042. There, we were considering punitive damages that were "'patently frivolous and without foundation'" or "asserted solely or primarily for the purpose of conferring jurisdiction." Id. at 1046 (citations omitted); see also In re Corestates Trust Fee Litig., 994 F.3d 61 (1994). To read Packard more broadly brings it into tension with Batoff. See I.O.P. 9.1.

I think two cases from the United States Court of Appeals for the Second Circuit concerning determination of the amount in controversy in a diversity case are instructive: Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199 (2d Cir. 1982) and Ochoa v. Interbrew America, Inc., 999 F.2d 626 (2d Cir. 1993). They aptly capture the distinction between cases in which the amount in controversy does not reach the jurisdictional amount and those that proceed to judgment on the merits because

the amount initially in dispute is in excess of the jurisdictional requirement, even though the court may ultimately determine, on the merits, that the liability of the defendant is limited to a lesser amount. In Zacharia, a hotel's liability was limited to $1,000 by statute. The court held that the statutory limitation was a clear defense to liability that deprived the court of jurisdiction. Zacharia, 684 F.2d at 202. I agree. In Ochoa, however, the court held, "[W]hen there is no claim of bad faith in asserting the jurisdictional amount, courts are permitted only to assess the allegations of the plaintiff's complaint and are to refrain from adjudicating the merits of the case." Ochoa, 999 F.2d at 630. I recognize that the Court of Appeals for the Sixth Circuit has held "proof to a legal certainty that a plaintiff is not entitled to more than [the jurisdictional amount] overcomes even a good faith allegation that the jurisdiction amount is in controversy." Sellers v. O'Connell, 701 F.2d 575, 571 (6th Cir. 1983). I believe, however, that Sellers conflicts with Red Cab, our statement in Nelson and, by logical implication, our decisions in Batoff and Lunderstadt, and is wrongly decided.

For these reasons, I dissent from the order denying rehearing.

Judge Greenberg joins in this statement.