95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John V. HEATH, doing business as Heath & Association,
Plaintiff-Appellant,
v.
Howard W. STEINHOLZ, President; Ernest Bantos, Director of
Property Disposition, Defendants-Appellees.
 No. 95-6495.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1996.
 
 1
 Before: MARTIN and DAUGHTREY, Circuit Judges; BECKWITH, District Judge.*
 
 ORDER
 
 2
 John V. Heath, a Tennessee businessman proceeding pro se, appeals a district court order dismissing his civil complaint for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking $20,900 in damages, Heath sued the defendants, officers of The Urban Group, Inc., for allegedly violating his due process rights. He claimed that the defendants owe him $900 for work performed on U.S. Government property managed by The Urban Group under contract with the U.S. Department of Housing and Urban Development (HUD). Heath further claimed that defendant Bantos libeled and slandered him, damaging his reputation and impairing his earning power.
 
 
 4
 The district court dismissed the complaint in a memorandum and order entered on September 29, 1995. The district court found that Heath had failed to allege facts sufficient to state a cause of action arising under the Constitution, laws, or treaties of the United States, and that his complaint failed to meet the amount in controversy required to establish diversity jurisdiction.
 
 
 5
 On appeal, Heath argues that the district court erred in dismissing his complaint because the amount in controversy satisfies the requirement for diversity jurisdiction and because the district court has jurisdiction over his civil rights claims.
 
 
 6
 Upon review, we conclude that the district court did not err in dismissing Heath's complaint for lack of subject matter jurisdiction because his complaint fails to state a federal cause of action. This court reviews de novo a district court's dismissal of a plaintiff's claims for lack of subject matter jurisdiction. Kroll v. United States, 58 F.3d 1087, 1090 (6th Cir.1995) (per curiam).
 
 
 7
 Heath asserts that the defendants' actions in this case violated his due process rights to liberty and property under the Fifth and Fourteenth Amendments to the Constitution; thus, it appears that he is attempting to bring a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). This avenue is not open to Heath, however. Merely alleging that the defendants operated under a contract with a federal agency is insufficient to establish that the defendants were federal officials, as required for Bivens liability. See generally Lugar v. Edmondson Oil Co., 457 U.S. 922, 936-39 (1982).
 
 
 8
 Heath argues on appeal that the district court miscalculated the amount in controversy when it found that he failed to meet the $50,000 threshold required in order to establish diversity jurisdiction. See 28 U.S.C. § 1332(b). In his appellate brief, Heath claims that the actions of the defendants resulted in a "drop of gross income from the years 1992-1994 of $170,000.00 to the gross income of 1995 to present of approximately $7,000.00," resulting in a $163,000 loss in income. Heath fails to explain how he calculated the $60,900 figure also alleged in his brief, and how the two figures are to be reconciled. In any event, Heath's complaint clearly states that he sought damages of $900 due on the contract, general damages "in excess of $10,000," and compensatory and special damages "in excess of $10,000." The district court may generally rely on a plaintiff's allegation regarding the amount in controversy. Ochoa v. Interbrew America, Inc., 999 F.2d 626, 630 (2d Cir.1993). Thus, the district court did not abuse its discretion in finding that Heath had not established the jurisdictional amount. See Dassinger v. South Central Bell Tel. Co., 505 F.2d 672, 673 (5th Cir.1974) (per curiam).
 
 
 9
 Heath also, for the first time on appeal, argues that his complaint is grounded in a conspiracy to deprive him of his civil rights, in violation of 42 U.S.C. § 1985(3). Unless exceptional circumstances are present, this court normally will not address an issue not first raised in the district court. See Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1398-99 (6th Cir.1995). There are no exceptional circumstances present in this case. Moreover, Heath fails to assert that the alleged conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus as required to state a cause of action under § 1985(3). See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).
 
 
 10
 Finally, Heath's claims of libel and slander are torts properly raised in state court. A federal district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 11
 Accordingly, the district court's judgment, entered on September 29, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation